**HASBANI & LIGHT, P.C.**
Seth D. Weinberg, Esq.
450 Seventh Avenue
New York, New York 10123
Tel. (646) 490-6677
Fax (347) 491-4048
sweinberg@hasbanilight.com

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MITCHELL LANE NY LLC (DE),<br><br>Debtor. | Chapter 11<br><br>Case No. 19-41320 (NHL) |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF HASBANI & LIGHT, P.C. AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION**

The above-captioned debtor and debtor-in-possession (the "Debtor") herein submits this application (the "Application") for entry of an order, in substantially the form annexed hereto, authorizing the employment and retention of Hasbani & Light, P.C. (the "Firm") as counsel for the Debtor to in this Chapter 11 case. In support of this Application, the Debtor relies on the *Declaration of Seth D. Weinberg,* an associate of the Firm (the "Weinberg Declaration") admitted to practice in this Court, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Debtor respectfully states:

**JURISDICTION**

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a

1

core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  The statutory predicates for the relief sought herein are sections 327(a), 328, and 1107 of title 11 of the United State Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules").

## BACKGROUND

3.  On March 6, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4.  The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  No official committee has been appointed in the Chapter 11 Case by the United States Trustee for the Eastern District of New York (the "U.S. Trustee").

## RELIEF REQUESTED

6.  By this Application, the Debtor seeks entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1 authorizing the employment and retention of the Finn as counsel in this Chapter 11 Case to perform, among others, the following tasks:

    (a) providing the Debtor with advice and preparing all necessary documents regarding debt restructuring, bankruptcy and asset dispositions;
    (b) taking all necessary actions to protect and preserve the Debtor's estate during the pendency of this Chapter 11 Case;
    (c) preparing on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of this Chapter 11 Case;
    (d) counseling the Debtor with regard to its rights and obligations as debtor in-possession;
    (e) appearing in Court to protect the interests of the Debtor; and
    (f) performing all other legal services for the Debtor which may be

necessary and proper in these proceedings and in furtherance of the Debtor's operations.

7. It is contemplated that the Firm will be compensated for the services described herein at a rate of $210.00 per hour in accordance with its customary billing practices, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.

8. The Debtor has selected the Firm as counsel because of the Firm's experience in handling chapter 11 cases. The employment of the Firm as counsel to the Debtor is appropriate and necessary to enable the Debtor to faithfully execute its duties as a debtor and debtor-in-possession, and to implement the Debtor's objectives for the Chapter 11 Cases. Indeed, the United States Trustee encourages debtors to retain counsel to perform such services. *See, Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 US.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the " Appendix B Guidelines").

## PROFESSIONAL COMPENSATION

9. During this Chapter 11 Case, the Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the United States Trustee.

10. The Debtor and the Firm have agreed that the Firm will be compensated at an hourly rate of $210.10 plus costs and expenses.

## DISINTERESTEDNESS

11. To the best of the Debtor's knowledge, and based upon the Weinberg Declaration, the Firm does not represent or hold any interest adverse to the Debtor or its estate. Further, to the best of the Debtor''s knowledge and based on the Weinberg Declaration, the Firm does not have any connection with any creditors or other parties-in-interest, or their respective attorneys

or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Weinberg Declaration.

## BASIS FOR RELIEF

12. Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, *may employ one or more attorneys* . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

13. The use of the Firm as counsel to satisfy the Code's disinterestedness requirement is consistent with section 327(a) of the Bankruptcy Code which authorizes debtors to "employ one or more attorneys", and it is also consistent with the Appendix B Guidelines (secondary counsel should be employed "when lead bankruptcy counsel is subject to a limited, not pervasive, conflict of interest that prevents it from performing some small part of its duties").

14. Section 328(a) of the Bankruptcy Code provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

15. Section 328 of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions. *See Comm. of Equity Sec. Holders of Fed-Mogul Corp. v. Official Comm. of Unsecured Creditors (In re Fed. Mogul-Global Inc.)*, 348 F.3d 390, 396-403 (3d Cir. 2003) (discussing appointment of professionals under section 328 of the Bankruptcy Code, and holding "[s]ection 328(a) is properly read to say that

4

'reasonable terms and conditions' include, but are not limited to, retention on a retainer, on an hourly basis, or on a contingent fee basis"); *see also Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.),* 123 F.3d 861, 862 (5th Cir. 1997) ("Under present § 328 the professionals may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee.)"); *Riker, Danzig, Scherer, Hyland & Perretti v. Official Comm. of Unsecured Creditors (In re Smart World Techs., LLC),* 552 F.3d 228, 232-34 (2d Cir. 2009) (holding that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the 'employment of a professional person under section 327'" (citations omitted)).

16. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

17. For the reasons stated above, the Debtor seeks to employ and retain the Firm as counsel pursuant to sections 327(a) and 328 of the Bankruptcy Code. As discussed herein, the Debtor believes that the retention of the Firm as special counsel is necessary, is in the best interests of the Debtor's estate, and that the Firm neither holds nor represents interests adverse to the Debtor or its estate.

## **WAIVER OF MEMORANDUM OF LAW**

18. Because the legal points and authorities upon which this Application relies are incorporated herein and do not raise any novel issues of law, the Debtor respectfully requests that the requirement of the service and filing of a separate memorandum of law be deemed waived.

## NOTICE

19. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the District of New Jersey; (ii) counsel for the lender; (iii) the top 20 unsecured creditors; and (iv) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

20. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order substantially in the form submitter herewith authorizing the Debtor to employ and retain the Firm as counsel, and grant the Debtor such other and further relief as the Court may deem proper.

Dated: May 22, 2019

**Mitchell Lane NY LLC (DE)**
*Chapter 11 Debtor and Debtor In Possession*

By: _Yonel Devico_
Name: Yonel Devico, Member