

Seth D. Weinberg, Esq.

450 Seventh Ave
Suite 1408
New York, NY 10123
T. 646.490.6677
F. 347.491.4048
sweinberg@hasbanilight.com

June 25, 2019

**VIA ECF**
Hon. Nancy Hersey Lord
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza E – Ste 1595
Brooklyn, NY 11201-1800

      **RE:**   *In re Mitchell Lane NY LLC (DE)*
               **Case No.: 19-41320(NHL)**
               **Court Mandated Phone and In-Person Mediation**

Dear Judge Lord,

We represent the Debtor Mitchell Lane NY LLC ("Mitchell Lane" or the "Debtor"). At the hearing conducted on June 20, 2019, Your Honor directed Mitchell Lane and Creditor HSBC Bank USA, National Association As Trustee For PHH 2007-1 ("HSBC") to engage in settlement discussions prior to the next hearing that is scheduled for July 18, 2019 (Mitchell Lane and HSBC shall be collectively referred to as the "Parties"). After oral argument, the undersigned and counsel for HSBC stepped into the hallway and disagreed as to whether Your Honor directed that these settlement conversations occur in person or on the telephone. The undersigned and counsel for HSBC returned to the courtroom and asked Your Honor for clarification.

It is the undersigned's understanding that Your Honor directed the Parties to conduct a telephonic settlement conference, with clients and attorneys on the line. It is also the undersigned's understanding that Your Honor directed the Parties to then engage in an in-person settlement conference, with clients and attorneys present, if a settlement could not be reached during the telephonic settlement call.

Since the evening of June 20, 2019, the undersigned has been attempting to schedule a telephonic settlement call. Counsel for HSBC has rebuffed these efforts to hold a settlement call stating that Your Honor directed that Parties *may* have a telephonic conference and if it's not successful then they *must* have an "in-person" meeting. Additionally, counsel for HSBC has made it very clear in her emails that because her client has made a settlement offer that it now does not need to participate in any telephonic settlement discussions.

We disagree with this characterization of Your Honor's order in two respects. First, we do not remember You Honor stating that the telephonic conference was "optional." Second, we understood that the purpose of ordering of the telephonic conference was for the Parties to engage in a dialogue in the hopes of making meaningful progress towards settlement of this matter.

Counsel for HSBC's position that a telephonic conference is no longer necessary because her client has made a settlement offer is an effort to circumvent the court ordered phone conference.

At 10:00AM this morning, the undersigned and counsel for HSBC called your chambers seeking clarification of this issue. A voicemail was left. The undersigned respectfully request your attention to this matter.

                                        Respectfully,

                                        */s/ Seth D. Weinberg*