UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____X

In re:

  MITCHELL LANE NY, LLC,

                           Debtor.
_____X

MITCHELL LANE NY, LLC,

                           Plaintiff,                   Chapter 11

          -v-                               Case No. 19-41320 (NHL)

HSBC BANK USA, NATIONAL ASSOCIATION       Adv. Proc. No. 19-01088
AS TRUSTEE FOR PHH-2007-1,

                           Defendant.
_____X

## <u>ANSWER and COUNTERCLAIMS</u>

Defendant, HSBC Bank USA, National Association as Trustee for PHH 2007-1 by its

servicer PHH MORTGAGE (the "Secured Creditor") by and through its undersigned counsel, as

and for its Answer to the Complaint of Plaintiff, Mitchell Lane NY, LLC ("Plaintiff" or "Debtor"),

dated June 28,  2019 (the "Complaint"), states as follows:

1.      Denies knowledge or information sufficient to form a belief to each and every

allegation contained in paragraphs 1, 2, 3 & 4 of the Complaint and refers all questions of law to

the Court.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 5 & 6 of the Complaint and respectfully refers to the Richmond

County Clerk's Docket and the documents themselves for their respective contents, which speak for themselves.

3.    Denies knowledge or information sufficient to form a belief to each and every allegation contained in paragraph 7 of the Complaint and avers that according to the Memorandum of Sale, dated December 7, 2017, under Case No. 16-CV-2224 in the U.S. District Court, EDNY, [Dist. Crt. Proc. Dkt No. 43] Gustavia Home, LLC was the highest bidder at the December 7, 2017 foreclosure sale of the property, located at 35 Mitchell Lane, Staten Island, New York 10314 (the "Property") subject to all liens, for the sum of $126,183.86.  Although Gustavia Home LLC was the highest bidder at the abovementioned foreclosure sale, the Referee's Deed in Foreclosure, dated January 22, 2018, transferred the Property to Debtor.  See Referee's Deed in Foreclosure, dated January 22, 2018 and recorded April 12, 2018, Land Doc No. 695266.

4.    Denies each and every allegation contained in paragraph 8 of the Complaint and avers that on June 27, 2005, non-debtor borrower Glenn Bernandez (the "Borrower") executed and delivered a Promissory Note and a Mortgage securing payment of the Note in the amount of $390,450.00 in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for lender, PHH Mortgage Corporation and its successors and assigns, as mortgagee, pursuant to which Borrower mortgaged the Property (the "First Mortgage") and that all said documents speak for themselves.

5.    Denies each and every allegation in paragraph 9 of the Complaint and avers that on December 5, 2006, Borrower executed and delivered a Promissory Note and a Mortgage securing payment of the Note in the amount of $13,550.00 in favor of MERS, as nominee for lender, PHH Mortgage Corporation and its successors and assigns, as mortgagee, pursuant to which Borrower mortgaged the Property (the "Second Mortgage").  On December 6, 2006, Borrower duly executed

and delivered a note whereby Borrower promised to pay the sum of $404,000.00 plus interest as set forth on the note (the "Consolidated Note").  On December 6, 2006, to secure the payment of the sum represented by the Consolidated Note, Borrower duly executed and delivered a Consolidation, Extension, Modification Agreement (the "CEMA") in favor of MERS,  as nominee for lender, PHH Mortgage Corporation and its successors and assigns, as mortgagee, pursuant to which Borrower mortgaged the Property.  The CEMA consolidated the First Mortgage and Second Mortgage and such documents speak for themselves.

6.    Denies each and every allegation in paragraph 10 of the Complaint and avers that the First Mortgage, Second Mortgage and CEMA were later assigned to Secured Creditor and all relevant documents speak for themselves.

7.    Denies each and every allegation in paragraph 11 of the Complaint and avers that on or about February 21, 2012, Borrower executed a Loan Modification Agreement with Secured Creditor, which amended and supplemented the CEMA and the Consolidated Note.  The Loan Modification Agreement increased the amount secured by the CEMA by the amount of the Borrower's then existing arrears.  The Loan Modification Agreement did not provide Borrower with any new or additional funds.

8.    Denies each and every allegation in paragraph 12 of the Complaint and avers that on March 6, 2019, Debtor filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code without any supporting schedules.

9.    Denies each and every allegation in paragraph 13 of the Complaint and avers on May 15, 2019, Secured Creditor filed its Proof of Claim and that the Secured Creditor's Proof of Claim speaks for itself.

10.     Denies each and every allegation in paragraph 14 of the Complaint and begs leave of this Court to refer to the documents themselves to establish the contents thereof.

11.     Denies each and every allegation in paragraph 15 of the Complaint and respectfully refers all questions of laws to the Court and begs leave of this Court to refer to the documents themselves to establish the contents thereof.

12.     Denies each and every allegation in paragraph 16 of the Complaint and respectfully refers all questions of laws to the Court and begs leave of this Court to refer to the documents themselves to establish the contents thereof.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

13.     In response to paragraph 17 of the Complaint, Secured Creditor repeats and reiterates each of the above answers to paragraphs 1 to 12 of the Complaint with the same force and effect as if fully set forth herein.

14.     Denies knowledge or information sufficient to form a belief to each and every allegation contained in paragraphs 18, 19, 20, 21, and 22 of the Complaint and refers all questions of law to the Court.

15.     Denies each and every allegation contained in paragraph 23 of the Complaint and avers that on June 27, 2005, Borrower executed and delivered a Promissory Note and a Mortgage securing payment of the Note in the amount of $390,450.00 in favor of MERS, as nominee for lender, PHH Mortgage Corporation and its successors and assigns, as mortgagee, pursuant to which Borrower mortgaged the Property (the "First Mortgage").  On December 5, 2006, Borrower executed and delivered a Promissory Note and a Mortgage securing payment of the Note in the amount of $13,550.00 in favor of MERS, as nominee for lender, PHH Mortgage Corporation and

its successors and assigns, as mortgagee, pursuant to which Borrower mortgaged the Real Property (the "Second Mortgage").  And that all aforementioned documents speak for themselves.

16.    Denies each and every allegation contained in paragraph 24 of the Complaint and avers that On December 6, 2006, Borrower duly executed and delivered a note whereby Borrower promised to pay the sum of $404,000.00 plus interest as set forth on the note (the "Consolidated Note").  On December 6, 2006, to secure the payment of the sum represented by the Consolidated Note, Borrower duly executed and delivered a Consolidation, Extension, Modification Agreement (the "CEMA") in favor of MERS, as nominee for lender, PHH Mortgage Corporation and its successors and assigns, as mortgagee, pursuant to which Borrower mortgaged the Property.  The CEMA consolidated the First Mortgage and Second Mortgage and begs leave of this Court to refer to the documents themselves to establish the contents thereof.

17.    Denies each and every allegation in paragraph 25 of the Complaint and respectfully refers all questions of laws to the Court and begs leave of this Court to refer to the documents themselves to establish the contents thereof.

18.    Denies knowledge or information sufficient to form a belief to each and every allegation contained in paragraph 26 of the Complaint and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

19.    In response to paragraph 27 of the Complaint, Secured Creditor repeats and reiterates each of the above answers to paragraphs 1 to 18 of the Complaint with the same force and effect as if fully set forth herein.

20.    Denies knowledge or information sufficient to form a belief to each and every allegation contained in paragraphs 28, 29, 31 & 32 of the Complaint, refers all questions of law to

the Court and begs leave of this Court to refer to the documents themselves to establish the contents thereof.

21.    Denies each and every allegation in paragraph 30 of the Complaint and respectfully refers all questions of laws to the Court and begs leave of this Court to refer to original documents to establish the contents thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22.    On or about September 13, 2012, Secured Creditor filed a foreclosure proceedings against Borrower with respect to the Property.  See *HSBC Bank USA, National Association as Trustee for PHH 2007-1 v. Glenn Bernandez et. a.l,* Index No. 130705 (the "Senior Lienholder's Foreclosure Action").   The Clerk's minutes of the Senior Lienholders Foreclosure Action is annexed hereto as **Exhibit A.**

23.    The Senior Lienholder's Foreclosure Action included Gustavia Home, LLC's predecessor (i.e. MERS as nominee for Aegis Wholesale Corporation) as a party defendant.  See Judgment of Foreclosure, entered on June 4, 2018 annexed hereto as **Exhibit B.**

24.    On June 4, 2018, Secured Creditor obtained a Judgment of Foreclosure with respect to the Property (the "Secured Creditor's Foreclosure Judgment").  See Judgment of Foreclosure, entered on June 4, 2018 annexed hereto as **Exhibit B.**

25.    Debtor is barred from asserting the claims raised in the Complaint by the Rooker-Feldman doctrine.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26.    Secured Creditor repeats and reiterates each of the above Affirmative Defenses with the same force and effect as if fully set forth herein.

27.    Debtor is barred from asserting the claims raised in the Complaint by the doctrine of collateral estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.    Secured Creditor repeats and reiterates each of the above Affirmative Defenses with the same force and effect as if fully set forth herein.

29.    Debtor is barred from asserting the claims raised in the Complaint by the doctrine of res judicata.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30.    The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31.    Debtor is not a party to Secured Creditor and Borrower's Consolidated Notes, CEMA, Loan Modification Agreement or to the underlying notes and mortgages related thereto.

32.    Debtor lacks standing to assert the claims raised in the Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33.    Debtor is barred from asserting the claims raised in the Complaint since the Property was sold subject to all liens.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34.    Debtor is barred from recovery by the doctrines of laches, waiver, estoppel and unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

35.    Secured Creditor invokes doctrine of equitable estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

36.     Service of Complaint upon Secured Creditor was improper and ineffective in that it failed to comply with the requirements of law and rules of court.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

37.     The action is barred by the Statute of Limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

38.     One or more defenses are founded upon documentary evidence.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

39.     The Complaint is wholly without merit and filing of same is deemed frivolous conduct by the Debtor.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

40.     The Debtor's claims are barred by the doctrine of unjust enrichment.

## COUNTERCLAIM

41.     On or about April 27, 2016, Gustavia Home Loans (the "Junior Mortgagee") initiated a foreclosure action against Borrower on the alleged junior mortgage on the Property in the U.S. District Court, Eastern District of New York.  See *Gustavia Home, LLC, v. Glenn Bernandez, et al.*, Civil Action No. 16-2224 (MKB)RLM) (the "Dist. Crt. Proc.")

42.     Junior Mortgagee failed to include Secured Creditor as a party defendant in its foreclosure action.

43.     The Junior Mortgagee served Borrower with the Summons and Complaint in person and by mail at Borrower's "place of residence" listed as "4 Rumson Road, Staten Island, New York 10314".  See Affidavits of Service [Dist. Crt. Proc., Dkt No. 25-3] annexed hereto as **Exhibit C.**  During its foreclosure action, Junior Mortgagee did not serve Borrower at the Property

although Debtor is alleging that Borrower is currently residing in the basement of the Property. *Id.*

44.    There were no tenants residing at the Property during Junior Mortgagee's foreclosure action and thus none were served with Junior Mortgagee's Summons and Complaint and no tenant was deemed a necessary party defendant to the action.  See Junior Mortgagee's Declaration of Regularity in Support of Judgment of Foreclosure and Sale and Caption Amendment at ¶¶ 9 & 10 [Dist. Crt. Proc., Dkt No. 25] annexed hereto as **Exhibit D** (without attachments) and Chief Judge Magistrate's Report and Recommendation, So-Ordered July 19, 2017 at pg 8 [Dist. Crt. Proc., Dkt. No. 34] annexed hereto as **Exhibit E.**

45.    On or about September 6, 2017, a foreclosure judgment was entered in favor of Junior Mortgagee in the amount of $126,183.86 [Dist. Crt. Proc., Dkt. No. 38] annexed hereto as **Exhibit F**.

46.    The Property was scheduled for a foreclosure sale on December 7, 2017 with the sale being subject to all liens.  See Referee's Report of Sale [Dist. Crt. Proc., Dkt. No. 43] annexed hereto as **Exhibit G.**

47.    At the December 7, 2017 foreclosure sale of the Property (subject to all liens), the Junior Mortgagee bid its judgment amount of $126,183.86 and was the highest bidder.   See Referee's Report of Sale [Dist. Crt. Pro., Dkt. No. 43] annexed hereto as **Exhibit G**.

48.    According to the website of the Delaware Department off State, Division of Corporations, Debtor was incorporated in the State of Delaware on December 27, 2017.  See Entity Detail annexed hereto as **Exhibit H.**

49.     On or about January 22, 2018, a Referee's Deed in Foreclosure was issued to Debtor rather than Junior Mortgagee.  See Referee's Deed in Foreclosure, dated January 22, 2018 and recorded April 12, 2018, Land Doc No. 695266 annexed hereto as **Exhibit I.**

50.     On March 6, 2019, Debtor filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code without any supporting schedules.

51.     On March 21, 2019 Debtor filed its schedules of assets and liabilities. [Bankr. Dkt. No. 17]

52.     Secured Creditor is the only creditor listed on the schedules.  [Bankr. Dkt. No. 17]

53.     Secured Creditor claim is listed on Schedule D of the Petition in the amount of $642,035.22 and it is <u>not</u> marked contingent, unliquidated or disputed.  [Bankr. Dkt. No. 17]

54.     Debtor's Statement of Financial Affairs does not report any income from the Property. [Bankr. Dkt. No. 17]

55.     On May 13, 2019, Debtor filed its Motion Setting Property Value and Seeking Mediation (the "Motion to Value") [Bankr. Dkt. No. 19].

56.     On June 18, 2019, Debtor filed its Reply to the Secured Creditor's Opposition (the "Reply") [Bankr. Dkt. No. 29].  The Reply stated that a full appraisal is "neither necessary nor feasible at this time because the Property is inhabited by squatters…"  See Reply at ¶¶ 5 & 11. Bankr. Dkt. No. 29].

57.     By email, dated July 18, 2019, Debtor's counsel stated that in addition to the squatter living in one of the two units, Borrower is residing in the basement of the Property.

58.     Debtor is not making payment towards real estate taxes on the Property.

59.     Debtor failed to secure the Property after the December 7, 2017 foreclosure sale or after Debtor received the Referee's Deed in Foreclosure.

60.     Debtor has failed to take steps to evict the squatters and/or Borrower from the two-unit investment Property.

61.     Debtor and Secured Creditor are unable to conduct interior appraisals of the Property since Debtor alleges that it cannot access the interior of the Property due to squatters.

## AS AND FOR A FIRST CAUSE OF ACTION
Failure to Secure Property After Purchase

62.     Secured Creditor repeats and realleges each and every allegation contained in paragraphs "1" though "61" as if more fully set forth herein.

63.     Due to Debtor's negligence in securing the Property, squatters and the Borrower are currently residing on the Property and thus Secured Creditor is unable to access Property to obtain interior appraisal.

64.      Debtor is unable to confirm to Secured Creditor whether additional damages and/or destruction have been occasioned from its failure to secure the Property, and/or if any other hazardous conditions exist and/or lien ordinances are being violated which expose Secured Creditor to liability, additional encumbrances, and/or monetary penalties.

65.     Debtor has not reported any income from the Property.  To date, all of Debtor's Monthly Operating Reports set forth that "Copies of IRS Form 6123 and Tax returns are not included because Debtor has no income to report".   See Monthly Operating Reports, [Bankr. Dkt. Nos. 21, 25, 26, 32 & 37] and Debtor's Statement of Financial Affair [Bankr. Dkt. No. 17].

66.     Secured Creditor and also Debtor's chapter 11 estate has been damaged in an amount not less than $642,035.225 which shall continue to increase.  See Secured Creditor's Foreclosure Judgment.

**WHEREFORE**, Secured Creditor respectfully requests that this Court dismiss Debtor's claims, allow Secured Creditor's claims and enter judgment in Secured Creditor's favor and grant it such further and different relief as the Court deems just and proper.

Dated:     August 8, 2019
    Westbury, New York

        RAS BORISKIN LLC
        Attorneys for Secured Creditor
        900 Merchants Concourse
        Westbury, NY 11590
        Phone: (516) 280-7675
        Fax: (516) 280-7674


        By: /s/ Cleo  Sharaf-Green
        Email: csharaf@rasboriskin.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 8, 2019, I caused the foregoing ANSWER and

COUNTERCLAIM to be electronically filed with the Clerk of Court by using the CM/ECF system,

and true and correct copies have been served via overnight mail on the following parties:


Seth D. Weinberg, Esq.
Hasbani & Light, P.C.
450 Seventh Avenue
Ste 1408
New York, NY 10123

Mitchell Lane NY LLC (DE)
1688 Meridian Ave
Ste 610
Miami Beach, FL 33139

United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014

Dated:  August 8, 2019
        Westbury, New York

                                    RAS BORISKIN, LLC
                                    Attorneys for Secured Creditor
                                    900 Merchants Concourse
                                    Westbury, NY 11590
                                    Phone: (516) 280-7675
                                    Fax: (516) 280-7674

                                    By: /s/ Cleo Sharaf-Green
                                      Cleo Sharaf-Green